IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID B. YELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:13cv336-WHA-TFM |
| ) | [WO] |
| ) | |
| LEEPOSEY DANIELS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause of action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by David B. Yell, a state prisoner, on May 20, 2013. In this petition, Yell challenges a conviction of two counts of second-degree sodomy and two counts of enticing a child for immoral purposes imposed upon him pursuant to his guilty plea on April 11, 2006, by the Circuit Court of Autauga County, Alabama. Specifically, the petitioner argues that he received ineffective assistance of counsel during the negotiation process and guilty plea proceedings. He also challenges the term of his sentence, arguing that it was his understanding during the proceedings that his guilty plea was based on one count of second-degree sodomy and one count of enticing a child for immoral purposes and that the sentences for each conviction would be served concurrently instead of consecutively. The convictions became final by operation of law on June 21, 2006.

Pursuant to the orders of this court, the respondents filed answers in which they argue

the instant federal habeas petition is barred by the one-year period of limitation applicable to 28 U.S.C. § 2254 petitions. 28 U.S.C. § 2244(d)(1).[1] The respondents contend that because Yell's convictions became final in 2006 -- after the effective date of the federal statute of limitations -- Yell must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition related to the conviction remained pending in the state courts. The respondents acknowledge Yell filed a state post-conviction petition in the Circuit Court of Autauga County, Alabama on May 1, 2010.[2] However, the respondents argue this state petition did not toll the one-year period of limitation because it was filed after expiration of the federal limitation period and was therefore not "pending" as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period. *Respondents' Answer - Doc. No. 12* at 5; *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000) ("[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

[2] The Rule 32 petition establishes that Yell mailed the petition on May 1, 2010. *Respondents' Exhibit D - Doc. No. 12-4* at 14. As previously noted, a pro se inmate's petition is deemed filed in federal cases the date it is delivered to prison officials for mailing. *Houston*, 487 U.S. at 271-272. "Alabama courts have [adopted the mailbox rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing."). Consequently, the prison mailbox rule applies to pro se Rule 32 petitions filed in the state courts of Alabama and May 1, 2010 is therefore the appropriate date of filing for Yell's Rule 32 petition.

cannot toll that period because there is no period remaining to be tolled."); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). Thus, the record establishes Yell filed his federal habeas petition over six years after expiration of the one-year period of limitation.

Based on the foregoing, the court entered an order advising Yell he failed to file the present petition within the requisite one-year limitation period set forth in 28 U.S.C. § 2241(d)(1). *Order of January 13, 2014 - Doc. No. 13*. This order also provided Yell an opportunity to show cause why his habeas petition should not be barred from review by this court as untimely filed. *Id*. In response to this order, Yell argues that he timely filed the sentencing claim should be excused because Ala.R.Crim.P. 32 permits a challenge to a sentence at any time. He also argues that the ineffective-assistance-of-counsel claim is timely because a claim of ineffective assistance of counsel in relation to the plea bargaining process was not recognized by the United States Supreme Court until 2012.

Upon review of the pleadings filed by the parties, the undisputed state court record and applicable federal law, the court determines no evidentiary hearing is required, Rule 8(a),

3

*Rules Governing Section 2254 Cases in United States District Courts*, and concludes the present habeas petition is due to be denied as Yell failed to file the petition within the applicable one-year period of limitation.

## II.  DISCUSSION

### A.    The Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254.  This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later.  Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired.").  Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires. *Id.*

Exhibits submitted by the respondents reflect that on April 11, 2006, Yell pled guilty in the Autauga County Circuit Court to two counts of second-degree sodomy and two counts of enticing a child for immoral purposes. Exs. B and C.  On May 10, 2006, Yell was sentenced to a total of 30 years in prison, comprising terms of 10 years, 10 years, 5 years, and 5 years, all of which ordered to run consecutively. Ex. B at 3.  No direct appeal was taken by Yell.

On October 27, 2008, Yell filed a motion under Rule 26.12(c), Ala.R.Crim.P.,

5

requesting that his consecutive sentence be converted into concurrent sentences. Ex. B at 5. The motion was denied by the trial court on November 14, 2008. *Id.* Yell did not appeal.

On May 1, 2010, Yell filed a Rule 32, Ala.R.Crim.P., petition in the trial court again attacking his consecutive sentences. Ex. D. He later supplemented and amended his Rule 32 petition. Exs. E-F. On September 24, 2012, the trial court denied the Rule 32 petition. Ex. H. Yell did not appeal that decision.

Since Yell failed to undertake the direct appeal process in accordance with applicable procedural rules, he could not petition the United States Supreme Court for review of his conviction. By operation of law, the challenged conviction became final on June 21, 2006 -- forty-two (42) days after his May 10, 2006, sentencing – as this is the date on which Yell's time to seek direct review expired. Ala.R.App.P. 4(b)(1); *Womack v. State*, 684 So.2d 167 (Ala.Crim.App, 1995). The one-year limitation period contained in § 2244(d)(1) therefore began to run on June 22, 2006.[3]

### B. Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) provides "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Yell failed to file any application for post-conviction relief or collateral review in the state courts challenging his conviction prior to expiration of the federal period of

---

[3] In computing the federal period of limitation, "exclude the day of the event that triggers the period[.]" Rule 6(a)(1)(A), *Federal Rules of Civil Procedure*.

6

limitation. Thus, Yell is not entitled to statutory tolling of the limitations period. *Webster*, 199 F.3d at 1259 ("A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Yell argues that his sentencing claim is not barred by the statute of limitations because Ala.R.Crim.P. 32 permits a challenge to a sentence at any time. He contends that the limitations period began to run after the Autauga County Circuit Court dismissed his Rule 32 petition, which included a challenge to his sentence. The petitioner is incorrect. Although Yell filed state-post conviction petitions challenging his sentence in October 2008 and May 2010, those filings did not toll the federal limitation period under 28 U.S.C. § 2244(d)(2), because they occurred *after* the federal limitation period had expired (on June 21, 2007). *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where the state court application for post-conviction relief is filed after the one-year federal statute of limitations has expired, it does not toll the statute because no time remains to be tolled).

Although a claim that a sentence exceeds the maximum or is not authorized by law is exempted from the statute of limitations applicable to state post-conviction petitions, *see* Ala.R.Crim.P. 32.2(c), and therefore may be raised at any time in a Rule 32 petition, there is no such exception for raising this type of claim in a federal habeas petition. Specifically, none of the triggering dates for the limitation period set forth in 28 U.S.C. § 2244(d)(1) allow for perpetual tolling of the limitation period.

In addition, Yell argues that his ineffective-assistance-of-counsel claims should be

statutorily tolled because there was no direct United States Supreme Court precedent which permitted the application of the *Strickland* standard to the plea bargaining process before March 2012. He contends that, during the pendency of his state post-conviction petition, the United States Supreme Court issued *Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 566 U.S. ___, 132 S. Ct. 1376 (2012), which hold that *Strickland v. Washington*, 466 U.S. 668 (1984), applies to plea negotiations. The mere fact that the Supreme Court issued opinions which addressed specific actions of counsel during plea negotiations and determined that these actions establish ineffective assistance of counsel does not delay the triggering date for the start of the federal limitations period under either 28 U.S.C. § 2244(d)(1)(D) or (C). It is well established that a defendant has the right to effective assistance of counsel during plea negotiations, *McMann v. Richardson*, 397 U.S. 759, 771 (1970), and that the *Strickland* standard applies to claims challenging guilty pleas due to ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Thus, the claims of ineffective assistance of counsel arising from Yell's guilty plea proceedings were available to him upon entry of the guilty plea. Thus, the tolling provisions set forth in 28 U.S.C. § 2444(d) are unavailing to Yell.

### C. Equitable Tolling

Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of

extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Such tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080, 122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002).

Yell presents no arguments relative to equitable tolling. Moreover, a thorough review of the record establishes Yell has not set forth the existence of any extraordinary circumstance which prevented him from filing a timely federal petition for habeas corpus relief. Additionally, Yell presents nothing demonstrating he exercised diligence in pursuing his claims for relief in a § 2254 petition. The record is therefore devoid of evidence that Richardson's delay in filing the instant § 2254 petition resulted from extraordinary circumstances beyond his control and unavoidable with the exercise of diligence. *Drew*, 297 F.3d at 1290; *Jones v. Morton*, 195 F.3d 153, 159 (3rd Cir. 1999). Under the circumstances

9

of this case, this court "cannot say that [Yell] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.' This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5. Thus, Yell is not entitled to equitable tolling of the limitation period.

### D. Expiration of the Limitation Period

Based on the foregoing analyses, the court concludes Yell has failed to present any basis for either statutory or equitable tolling of the one-year federal period of limitation. The limitation period therefore began to run on June 22, 2006 and ran uninterrupted until its expiration on June 22, 2007. Yell filed his federal § 2254 petition on or around May 20, 2013 – long after the June 22, 2007 expiration of the one-year limitation period in 28 U.S.C. § 2244(d)(1). Yell has failed to demonstrate that this federal habeas petition should not be dismissed as untimely filed.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for writ of habeas corpus filed by Yell on May 20, 2013, be denied as it was not filed within the one-year period of limitation mandated by 28 U.S.C. § 2244(d)(1).    2. This case be dismissed with prejudice.

It is further

ORDERED that on or before July 14, 2014, the parties may file objections to the

Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 27th day of June, 2014.

                                           /s/Terry F. Moorer
                                           TERRY F. MOORER
                                           UNITED STATES MAGISTRATE JUDGE