IN THE UNITED STATES DISTRICT COURT
FORTHE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID B. YELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:13-cv-336-WHA |
| | ) | |
| LEEPOSEY DANIELS, et al., | ) | (WO) |
| | ) | |
| Respondents. | ) | |

## **ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #15), entered on June 27, 2014, the Petitioner's Objections (Doc. #16), filed on July 14, 2014, and the Government's Response to Objections (Doc. #20), filed on November 3, 2014. The court has conducted an independent evaluation and *de novo* review of the file in this case, and finds the objections to be without merit.

The Petitioner's argument that his claim of ineffective assistance of counsel did not exist until 2012 upon the release of *Lafler v. Cooper*, 132 S.Cr. 1376 (2012) and *Missouri v. Frye*, 132 S.Ct, 1399, is incorrect. *In re Perez*, 692 F.3d 930, 932-33 (11th Cir 2012) indicates that *Frye* and *Lafler* did not announce new rules. Rather, these recent cases merely confirm the application of the Sixth Amendment right to counsel as defined in *Strickland* to plea negotiations. *Perez* held that *Lafler* and *Frye* did not announce new rules. Consequently, Yell could have raised him claim of ineffective assistance of counsel in a timely manner within one year of the entry of his guilty plea.

Yell's argument that his sentence of 30 years was illegal because he only pled guilty to

one offense instead of two is without merit. The record clearly indicates he pleaded guilty to two sodomy convictions and two enticing a child convictions for a total of 30 years. In addition, none of the federal tolling provisions allow for tolling of such an argument.

Therefore, it is hereby ORDERED as follows:

1. Petitioner's objections are OVERRULED.

2. The court ADOPTS the Recommendation of the Magistrate Judge.

3. This petition for writ of habeas corpus is DENIED, as it was not filed within the one-year period of limitation mandated by 28 U.S.C. § 2244(d)(1).

4. This case is DISMISSED with prejudice.

DONE this 12th day of November, 2014.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE